## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## Newport News Division

KEVIN LAMONT WALKER,

        Petitioner,

v.                                      **CIVIL NO. 4:13cv81**
                    **[ORIGINAL CRIMINAL NO. 4:05cr5]**

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on three motions filed by the Petitioner: 1) Motion to Vacate under 28 U.S.C. § 2255 ECF No. 254, filed on June 10, 2013, as amended,[1] ("Amended Habeas Motion"); 2) Motion for Appointment of Counsel in § 2255 Proceedings ("Motion for Appointment of Counsel"), ECF No. 261, filed on August 5, 2013; and 3) Motion for Evidentiary Hearing in 28 U.S.C. § 2255 Proceedings ("Motion for Hearing"), ECF No. 262, filed August 5, 2013.

---

[1] The Petitioner amended his original Habeas Motion on June 14, 2013, ECF No. 255, on June 24, 2013, ECF No. 257, on October 28, 2013, ECF No. 267, and on December 18, 2013, ECF No. 274. All of these amendments were granted by court order. See ECF No. 256, ECF No. 258, ECF No. 268, and ECF No. 279.

## I. **Procedural History**

The Petitioner was convicted in two separate federal criminal cases: Criminal Case No. 4:05cr5, before the undersigned judge, and Criminal Case No. 4:95cr37, before Judge Raymond A. Jackson. After having completed his terms of imprisonment, and while serving separate terms of supervised release, albeit at the same time, the Petitioner violated the terms of supervised release in both cases. Petitions and addenda were filed in each case alleging identical violations based on the same conduct.

On February 5, 2013, Judge Jackson found the Petitioner guilty of violating his supervised release in Criminal Case No. 4:95cr37, and sentenced him to twenty-four months imprisonment, with no further term of supervised release to serve. On March 1, 2013, the undersigned judge found the Petitioner guilty of violating his supervised release in the instant case, and sentenced him to twelve months imprisonment, to run consecutively with the sentence he received in Criminal Case No. 4:95cr37. The court also imposed a renewed forty-eight month term of supervised release following incarceration in the instant case.

On April 22, 2013, the Petitioner filed a Notice of Appeal in Criminal Case No. 4:95cr37. On June 10, 2013, the Petitioner filed his original Habeas Motion, challenging the sentence

2

imposed for his supervised release violation in the instant
case. On August 5, 2013, the Petitioner filed the Motion for
Appointment of Counsel and the Motion for Hearing.

On August 7, 2013, this court held in abeyance the
Petitioner's Habeas Motion, Motion for Appointment of Counsel,
and Motion for Hearing, until the Fourth Circuit ruled on the
pending appeal in Criminal Case No. 4:95cr37. The Fourth Circuit
affirmed the district court in that case on December 9, 2013,
with the mandate issuing on January 30, 2014. By order entered
on February 26, 2014, the court lifted the abeyance, ECF No.
279, and now proceeds to consider the Petitioner's Amended
Habeas Motion. The Petitioner also filed two Memoranda in
Support of his Habeas Motion, on January 6, 2014, ECF No. 275,
and on January 31, 2014, ECF No. 276, which the court has
considered in reviewing the Amended Habeas Motion.

## II. Legal Standard for § 2255 Petitions

A prisoner may challenge a sentence imposed by a federal
court if: (1) the sentence violates the Constitution or laws of
the United States; (2) the sentencing court lacked jurisdiction
to impose the sentence; (3) the sentence exceeds the statutory
maximum; or (4) the sentence "is otherwise subject to collateral
attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject
to collateral attack" if a petitioner shows that the proceedings
suffered from "'a fundamental defect which inherently results in

3

a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

The prisoner bears the burden of proving one of those grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). If the motion, however, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. Amended Habeas Motion

The Petitioner's original Habeas Motion has been amended, with permission from the court, on four occasions.[2] These various amendments list numerous grounds for relief. The court will first address the grounds for relief raised in the original Habeas Motion, followed by the claims raised in the subsequent amendments.

### A. Counsel "Waived the Preliminary Hearing"

In his original Habeas Motion, the Petitioner first argues he received ineffective assistance of counsel because his counsel allegedly "waived the preliminary hearing." Habeas Mot. at 15.

---

[2] See supra note 1.

4

To prove ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that (1) the attorney's performance was seriously deficient; and (2) such deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savion v. Murray, 82 F.3d 593, 599 (4th Cir. 1996); see also Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). The court must attempt to "eliminate the distorting effects of hindsight," and instead "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because a petitioner must

5

satisfy both parts of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

Morrissey v. Brewster, 408 U.S. 471, 485 (1972), requires a preliminary hearing as due process for a potential revocation of parole when a parolee is arrested for an alleged violation. See also United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (extending Morrissey to supervised release revocation). In this case, the Petitioner was summoned to appear on the supervised release violation petition, ECF No. 241, on which he voluntarily appeared on December 21, 2012.[3] He was not arrested and detained for his violations of supervised release, prior to his supervised release being revoked. In fact, the Petitioner was afforded a preliminary hearing, on December 21, 2012, before United States Magistrate Judge Lawrence R. Leonard, who set a personal recognizance bond for the Petitioner. ECF No. 244. Even if the due process requirements of Morrissey applied to a defendant not in custody, the hearing on December 21, 2012, fulfilled those requirements.[4] Accordingly, the Petitioner's

---

[3] While the docket reflects that the summons was returned unexecuted, ECF No. 242, the Petitioner must have received notice of the summons in some form, as he appeared as summoned.

[4] Federal Rule of Criminal Procedure 10, which provides for arraignments, applies only to indictments and informations. Federal Rule of Criminal Procedure 32.1, which provides for the

failure to demonstrate that his counsel was deficient precludes relief on this ground, Strickland, 466 U.S. at 700, nor has he suffered any prejudice. See id. at 691.

## B. Counsel Did Not Object to Lack of Written Notice of Violations

The Petitioner also argues in his original Habeas Motion and in various places in his subsequent amendments that he was never given any written notice of the violations of his conditions of supervised release. Habeas Mot. at 17. The Petitioner asserts that his counsel's failure to act on this alleged denial of due process constituted ineffective assistance of counsel. Id. at 16-17. The Petitioner also alleges that his counsel misinformed him about the law, and did not present evidence of his innocence of one of the violations. Id. at 17-18.

In support of his claim on this ground, the Petitioner relies again on Morrissey, which held that when an individual is arrested and in custody for a parole violation, due process requires a prompt preliminary hearing and "notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged." 408 U.S. at 486-87. See also United States

revocation of supervised release, requires an initial appearance and a revocation hearing; an arraignment is not required.

v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (extending Morrissey to supervised release revocation). The requirement of initial notice and a preliminary hearing is not triggered, until the defendant is in custody for the suspected violation. See Moody v. Daggett, 429 U.S. 78, 89 (1976) ("The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant."). Morrissey also requires "written notice of the claimed violations of parole" before a final parole revocation hearing, which must include "final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." 408 U.S. at 488.

The Petitioner was not arrested and placed in custody for the violations when they were first discovered, or when either the violation petition or addendum were filed. Nor was he placed in custody after his initial appearance on December 21, 2012; he was released on a personal recognizance bond. Therefore, the initial notice required by Morrissey was inapplicable at that time.

Moreover, the record belies the Petitioner's claim that he never received written notice of the allegations. The Petitioner received detailed notice, in oral and written form, of the violations alleged in both the original Petition on Supervised

Release, filed November 18, 2013, and the Addendum, filed
January 7, 2013. Specifically, at his initial appearance before
Magistrate Judge Leonard, the detailed allegations contained in
the Petition were read from the bench. Hr'g Tr. at 2-4
(Dec. 21, 2012), ECF No. 277. At the revocation hearing on
March 1, 2013, the Petitioner confirmed to the court that he had
reviewed the Petition and Addendum with his attorney. Hr'g Tr.
at 2 (Mar. 1, 2013), ECF No. 278. His counsel enumerated the
violations in open court, with the Petitioner present, and
stipulated to the violation. Id. at 2-4. The Petitioner was then
placed under oath and agreed to the stipulation. Id. at 4. The
record belies the Petitioner's claim, which is factually
inaccurate; he clearly has not shown ineffective assistance of
counsel on this basis.

## C. Counsel Did Not Submit Exculpatory Evidence on Change in Employment Violation

The Petitioner next alleges that his counsel failed to
submit evidence that would show he was not guilty of violating
condition six of his supervised release terms, which required
him to notify his probation officer of any change in employment.
Habeas Mot. at 15-16. He argues that he did not "change jobs"
because he was always paid by the same temporary employment
agency, and his counsel should have submitted his pay stubs as
evidence that he was not guilty of the violation. Id.

9

As an initial matter, the Petitioner admits in his Amended Habeas Motion that his "work site and location changed." Habeas Mot. at 16. Even if the Petitioner's claim that he was paid by the same temporary employment agency is correct, his failure to notify his probation officer of the change in employment location violated his terms of supervised release. Moreover, the Petitioner even admitted to this violation under oath. Hr'g Tr. at 3-4 (Mar. 1, 2013). Accordingly, any decision by his counsel not to submit the pay stubs as evidence is "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Finally, although the court does not need to consider whether the Petitioner has suffered prejudice, Strickland, 466 U.S. at 700, the court notes that he has not met the second requirement of Strickland either. The Petitioner's failure to notify his probation officer of his change in employment was only one of his violations. The court found the Petitioner violated five other conditions of his supervised release, including the commission of three crimes, any of which would sustain the court's revocation of supervised release. The alleged actions of counsel at issue here would not have affected the results of the Petitioner's case, and so he has suffered no prejudice.

10

### D. Counsel Misinformed the Petitioner About the Law

The Petitioner next alleges that his counsel told him that the court would have to sentence him concurrently with his sentence in Criminal Case No. 4:93cr37, and that he relied on this alleged representation when he stipulated to violating condition six of his supervised release, which required him to notify his probation officer of any change in employment. Habeas Mot. at 15-16.

The record also belies this claim. The Petitioner's counsel clearly stated at the revocation hearing that the court had the option to sentence the Petitioner to a consecutive term. Hr'g Tr. at 8-10 (Mar. 1, 2013). The Petitioner in his allocution then again admitted to all of the violations in his statement to the court, and only requested to serve his sentence close to home. Id. at 11-12. Accordingly, the Petitioner has failed to show that his counsel's assistance was deficient as required by the first prong of Strickland, and that failure precludes relief. Strickland, 466 U.S. at 700.

### E. Denial of Due Process

The Petitioner argues in various places in his original Habeas Motion and subsequent amendments that he "never received written notice of the alleged violations" and that consequently he was deprived of due process. Habeas Mot. at 17.

As noted above, supra Part III.B., the record belies this claim. Accordingly, there was no due process violation, and the Petitioner is not entitled to relief on this ground.

### F. Misinterpretation of the Guidelines

Petitioner argues that the court incorrectly imposed the sentence consecutively to the sentence imposed in his other case, 4:95cr37. The Petitioner asserts that the court did so pursuant to the advisory policy statements of United States Sentencing Guidelines Chapter 7, erroneously believing the policy statement to be mandatory.

The court did not err when it imposed a consecutive sentence. The commentary to the United States Sentencing Guideline Chapter 7 explicitly states that the court "may order a term of imprisonment to be served consecutively or concurrently" to another term of imprisonment. U.S. Sentencing Guidelines Manual ch. 7, pt. B, introductory cmt. (2012). Nothing in the United States Sentencing Guidelines or the applicable statute, 18 U.S.C. § 3584, prevented the court from imposing a consecutive sentence. Moreover, the court fully considered arguments from both parties regarding whether to sentence the Petitioner to a concurrent or a consecutive sentence, and determined that a consecutive sentence was appropriate. See Hr'g Tr. at 7-10, 16-17 (Mar. 1, 2013). The

court did not misinterpret the Sentencing Guidelines policy statement as mandatory, and so there simply was no error.

### G. Lack of Jurisdiction

The Petitioner argues that the court lacked jurisdiction to revoke his supervised release because the summons issued by the court was returned unexecuted. The case cited by the Petitioner, United States v. Daraio, No. 04-245, 2012 WL 6652628 (D.N.J. Dec. 20, 2012), invokes 18 U.S.C. § 3583(i), which provides that

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Id. at *2.

Daraio and 18 U.S.C. § 3583 make clear that a court cannot revoke a defendant's supervised release, if it does not issue a summons by the time the period of supervised release has run.

Here, the Petitioner's period of supervised release had not run when the summons was issued on November 28, 2012,[5] so the court was well-within the jurisdiction granted by 18 U.S.C. § 3583(i). Moreover, the Petitioner voluntarily appeared in

---

[5] The Petitioner's five-year term of Supervised Release began on April 4, 2012. See Pet. on Supervised Release at 1. Therefore, it did not expire until April 3, 2017.

court on December 21, 2012, so he clearly received some form of notice of the hearing,[6] well-within the time period for the court to have jurisdiction. This claim is frivolous and fails to provide any grounds for relief.

## H. Amendment Filed June 14, 2013

In his amendment filed June 14, 2013, ECF No. 255, the Petitioner argues that Federal Rule of Civil Procedure 4(m) requires the court to dismiss the action, if a defendant has not been served within 120 days after the complaint has been filed.

The Federal Rules of Criminal Procedure govern the issuance of a summons in criminal matters such as the revocation of supervised release. Fed. R. Crim. P. 4, 9; see also United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) ("Rules 4 and 9 of the Federal Rules of Criminal Procedure govern the pretrial issuance of warrants and summonses."). Neither Rule 4 nor Rule 9 of the Federal Rules of Criminal Procedure contains a provision that allows for dismissal for lack of service as Federal Rule of Civil Procedure 4(m) does. Consequently, the Petitioner's argument is simply inapplicable to the present case. Moreover, the Petitioner voluntarily appeared on December 21, 2012.[7]

---

[6] See supra note 3 and accompanying text.

[7] See supra note 3 and accompanying text. Further, even under Federal Rule of Civil Procedure 4, the objection to adequacy of

14

## J. Amendment Filed June 24, 2013

The Petitioner's amendment to his Habeas Motion, filed June 24, 2013, ECF No. 257, argues that the standard of proof for violations of supervised release was changed by Alleyne v. United States, 133 S. Ct. 2151 (2013), and that this burden of proof was not met at the revocation hearing.

The Petitioner erroneously asserts that the court is required to find beyond a reasonable doubt that a defendant committed a violation of supervised release conditions before revoking a defendant's supervised release. In Alleyne, the Supreme Court made no mention of the burden of proof in a supervised release revocation hearing; instead, the Court held that "any fact that increases the mandatory minimum [sentence for a crime] is an 'element' [of the crime, not a sentencing factor,] that must be submitted to the jury." Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013). Thus, because mandatory minimum provisions played no part in the revocation of the Petitioner's supervised release, Alleyne has no bearing whatsoever on the Petitioner's case.

---

service under Rule 4 is waived when the person appears in court and voluntarily submits to the personal jurisdiction of the court. Fed. R. Civ. P. 12(h); see Bethlehem Steel Corp. v. Devers, 389 F.2d 44, 46 (4th Cir. 1968) ("Since the appearance must be deemed authorized and since no attack on personal jurisdiction was made in a pre-answer motion or in the answer itself, the defense of lack of jurisdiction over the person is waived.").

15

The burden of proof for a finding that a defendant violated his terms of supervised release continues to be a "preponderance of the evidence" standard. 18 U.S.C. § 3583(e)(3); United States v. Madison, 538 F. App'x 244, 245 (4th Cir. 2013) ("To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence."). Consequently, the Petitioner has no ground for relief on this claim.

### K. Amendment Filed October 28, 2013

The Petitioner's amendment filed on October 28, 2013, asserts three grounds for relief. ECF No. 267. The first ground for relief alleges that the Petitioner received ineffective assistance of counsel because his attorney, Mr. Rodolfo Cejas of the Norfolk Federal Public Defender's Office, was not able to attend the Petitioner's supervised release violation hearing on March 1, 2013, and was replaced with Mr. Larry Dash, of the same Federal Public Defender's Office. Mot. to Amend at 5 (Oct. 28, 2013).

Replacement of one attorney with another attorney from the same firm does not constitute ineffective assistance of counsel, unless the counsel who appears is unprepared or ineffective. See, e.g., Nutter v. Seifert, No. 6:07cv140, 2008 WL 867956, at *11, *66 (S.D.W. Va. Mar. 28, 2008) (finding no ineffective assistance of counsel where different counsel of the same firm

16

represented the defendant at his sentencing hearing because his original counsel was unable to be present that day). Without more specific allegations of ineffective assistance, the fact that a different attorney from the same Federal Public Defender's Office was present for the Petitioner's supervised release violation hearing does not in itself meet the requirement for relief under Strickland. Accordingly, the Petitioner's failure to demonstrate that the performance of Mr. Cejas or Mr. Dash was deficient precludes relief on this ground. Strickland, 466 U.S. at 700. Moreover, although the court does not need to consider whether the Petitioner has suffered prejudice, Strickland, 466 U.S. at 700, the court notes that the Petitioner has suffered no such prejudice.

The other two grounds for relief asserted in the Petitioner's amendment of October 28, 2013, are based on the premise that his terms of supervised release did not require him to inform his probation officer of "change of employment within 72 hours." Mot. to Amend at 5 (Oct. 28, 2013). The Petitioner argues that he was denied due process and effective assistance of counsel because the court found him to be in violation of that alleged condition, and his counsel did not object. This assertion is frivolous and factually incorrect.

The Judgment of this court of November 15, 2005, entered on November 21, 2005, clearly orders that as a condition of

17

supervised release "[t]he defendant shall notify the probation officer at least ten days prior to any change in residence or employment." Judgment at 4 (emphasis added), ECF No. 24. The Petition on Supervised Release filed November 28, 2012, clearly alleges that the Petitioner failed to notify the probation officer at least ten days prior to changing employment. Pet. on Supervised Release at 4, ECF No. 241.[8]

## L. Amendment Filed December 18, 2013

The Petitioner's amendment filed December 18, 2013, corrects the names of the attorneys in his claim that he received ineffective assistance of counsel because his original attorney was unable to attend the revocation hearing, which has been addressed herein. See supra Part III.K. The amendment also adds that the court "abused its discretion by revoking Petitioner's supervised release." Mot. to Amend at 6. Although titled as an abuse of discretion ground for relief, the Petitioner's argument is essentially a repackaged variation of his ineffective assistance of counsel argument. Specifically, the Petitioner argues that the court abused its discretion by continuing with the hearing without the Petitioner's appointed counsel. Id.

---

[8] As discussed supra Part III.C., the Petitioner admits that his job location changed, and he also admitted to this violation under oath.

18

For the same reasons articulated supra Part III.K., this argument is without merit. The Petitioner was not deprived of his Sixth Amendment right to counsel by the replacement of one Federal Public Defender with another from the same office, and, therefore, the court did not abuse its discretion by holding the hearing at that time. See supra Part III.K.

## M. Memoranda in Support

In addition to the arguments discussed above, the Petitioner has also filed two Memoranda in Support, on January 6, 2014, ECF No. 275; and January 31, 2014, ECF No. 276. In both of these filings, the Petitioner argues that because Mr. Cejas did not attend the hearing, the Petitioner was sentenced "without counsel." Mem. Supp. 1, ECF No. 275; Mem. Supp. 2, ECF No. 276. The Petitioner requests that the court include these Memoranda in his Habeas Motion. The court has reviewed and considered these memoranda, and as discussed above, supra Part III.K., Mr. Dash from the Public Defender's office was present at the hearing, so the Petitioner was not sentenced "without counsel."

## N. Summary

Because the Petitioner has failed to demonstrate any grounds that entitle him to relief, the Petitioner's Amended Habeas Motion is **DENIED**. Moreover, even if the Petitioner had decided not to stipulate to any violations in this case, he had

19

already stipulated in open court, through his counsel, to the same violations in Criminal Case No. 4:95cr37. United States v. Kevin Walker, No. 4:95cr37, Hr'g Tr. at 2-6 (Feb. 5, 2013), ECF No. 433. Additionally, three of his violations were crimes for which he had been found guilty in state court. See Pet. on Supervised Release at 3-4, November 28, 2012; Addendum to Pet. on Supervised Release at 1, January 7, 2013. In sum, not only was there no ineffective assistance of counsel here, there was more than the required preponderance of the evidence to support the court's revocation of supervised release, stipulation or not.

### IV. Motion for Hearing

In his Motion for Hearing, the Petitioner asks the court to hold an evidentiary hearing. The Motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief, and so no hearing is required. See 28 U.S.C. § 2255(b); United States v. Baysden, 326 F.2d 629, 631 (4th Cir. 1964). Accordingly, the Petitioner's Motion for Hearing is **DENIED**.

### V. Motion for Appointment of Counsel

In his Motion for Appointment of Counsel, the Petitioner asks the court to appoint him an attorney to represent him in this matter. There is no constitutional right to counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Rules

6(a) and 8(c) of the Rules Governing § 2255 Proceedings mandate appointment of counsel only when discovery is necessary or the matter proceeds to an evidentiary hearing. Absent such conditions, under 18 U.S.C. § 3006A(a)(2)(B), the court may appoint counsel for indigent persons seeking relief under § 2255, if the interests of justice so require. See United States v. Riley, 21 F. App'x 139 (4th Cir. 2001) (unpublished).

Neither discovery nor an evidentiary hearing is necessary in this case, see supra Part IV, and the record "conclusively show[s] that the prisoner is entitled to no [habeas corpus] relief." 28 U.S.C. § 2255(b); see, e.g., United States v. Baysden, 326 F.2d 629, 631-32 (4th Cir. 1964). As such, the Petitioner's Motion for Appointment of Counsel is **DENIED**.

## VI. Conclusion

For the reasons set forth herein, the Petitioner's Amended Habeas Motion, Motion for Hearing, and Motion for Appointment of Counsel are **DENIED**.

The Petitioner is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal, within sixty (60) days of the date of entry of this Memorandum Opinion and Final Order, to the Clerk of the United States District Court, 2400 West Avenue, Suite 100, Newport News, Virginia, 23607. For the reasons stated herein the court declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to the Petitioner, to the Federal Public Defender, and to the United States Attorney.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

March 26, 2014